UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHRISTINE C.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | CIV. 16-5070-JLV<br><br>ORDER |

  The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Christine C.'s application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Christine C., timely moved for an award of attorney's fees and expenses. (Docket 23). The motion seeks an award of $10,714.46 in attorney's fees, court costs of $400 and expenses of $696.44 in state and local sales tax. Id. at p. 1. Although Ms. Ratliff listed 77.75 hours on her log, she recognizes that number is large and seeks

---

  [1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

compensation for 58.31 hours. (Dockets 24-1 ¶ 5 & 24-2 at p. 4). The Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation. (Docket 25). For the reasons stated below, the court grants Christine C.'s motion.

**ANALYSIS**

Ms. Ratliff asks the court to set the hourly rate at $183.75 after factoring in the cost of living adjustment permitted by the EAJA. (Docket 24-1 ¶ 3). The Commissioner does not object to the hourly rate requested. (Docket 25). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $183.75 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 35 hours. (Docket 25 at p. 5). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. at p. 2 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "the facts and issues in this matter do not support a deviation from that average EAJA award, which is 20-40 hours." Id.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the

2

proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Christine C. were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). The administrative record in Christine C.'s case was 819 pages in length, which the court finds to be an above average size record. After reviewing Ms. Ratliff's time log (Docket 24-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF"); (3) preparing plaintiff's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper. Ms. Ratliff billed 1.42 hours in this category. The 0.5 hours spent developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court are compensable under EAJA. Administrative activities and time which should otherwise have been performed by a legal secretary prior to the filing of the complaint must be removed from EAJA consideration. See Stickler v. Berryhill, Civ. 14-5087, 2017 WL 4792220,

at *2 (D.S.D. Oct. 23, 2017). The court finds .67 hour compensable. See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 28.83 hours preparing the JSMF in Christine C.'s case. (Docket 24-2 at pp. 1-2). The Commissioner objects to this high number of hours because "Ms. Ratliff began representing [Christine C.] in May 2015, and thus, she was familiar with the facts, evidence, and issues in this case before [Christine C.] sought judicial review by this Court in August 2016." (Docket 25 at p. 3). Other than this general complaint, the Commissioner does not suggest an appropriate number of hours in this category.

This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 11 at pp. 1-2). In Christine C.'s case, the administrative record was 819 pages in length and involved a variety of complex medical issues. See Dockets 14 and 21. Due to the lengthy and intricate administrative record, the JSMF was substantial, totaling 76 pages. (Docket 14). Ms. Ratliff's time log, however, shows a number of entries which seem to be for repetitive work in reviewing the administrative record and drafting the JSMF. (Docket 24-2 at pp. 1-2). Due to the level of detail the court requires of attorneys when submitting the JSMF, and the size of the administrative record, the court finds Ms. Ratliff reasonably expended 25 hours preparing the JSMF in the case. See Stickler, 2017 WL 4792220, at *2.

4

As for the third category of time, Ms. Ratliff spent 35.25 hours preparing plaintiff's motion and accompanying brief to reverse the decision denying her benefits. (Docket 34-2 at pp. 2-3). The Commissioner argues 28.83 hours for preparing the JSMF and then approximately 13 pages of the opening brief to recite the JSMF is excessive. (Docket 25 at p. 3). The Commissioner contends "only the last 21 pages of her brief" addressed argument and that section "contained a substantial amount of boilerplate quotations . . . ." <u>Id.</u> The Commissioner contends "none of the points of error raised . . . were novel or complex." <u>Id.</u> at p. 4. Based on Ms. Ratliff's experience representing claimants in disability cases "it is unlikely she would be unable to handle a routine disability case within the time normally required by other attorneys." <u>Id.</u> at p. 5.

In response, Ms. Ratliff contends "writing the opening brief was time-taking tedium: sorting out medical evidence the AC admitted to the record and the quantity of evidence it rejected and placed somewhere else in the 832-page record, as well as sorting out evidence from an unrelated case that SSA had mistakenly placed in [Christine C.'s] administrative record." (Docket 26 at p. 3). Ms. Ratliff argues the brief needed to point out in detail the ALJ "minimized [Christine C.'s] disabling impairments. Counsel organized the evidence to paint a picture of [Christine C.'s] progressive but related and overlapping diagnoses . . . and to show the real-world impact of her disabling impairments on her persistent efforts to find ever-less-demanding

5

work that she could do . . . ." Id. (referencing Docket 16 at pp. 3-15). Ms. Ratliff submits the court should not "compensate counsel for her expertise, neither [should] it penalize her." Id. at p. 5 (citing Cruz v. Apfel, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999) (internal citation omitted).

The court finds 35.25 hours is excessive for preparing the initial motion and memorandum after 28.83 hours was already spent preparing the JSMF. As counsel for plaintiff, Ms. Ratliff was compelled to prepare comprehensive arguments in response to the ALJ's decision at multiple steps in the evaluation process. This briefing was reasonably necessary to advocate Christine C.'s positions on appeal. Because of the nature of the plaintiff's challenges to the Commissioner's decision, the court finds 30 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of the case. See Stickler, 2017 WL 4792220, at *3.

Ms. Ratliff bills for 12.25 hours preparing a reply brief. (Docket 24-2 at pp. 3-4). The Commissioner argues this time is excessive because "[t]he reply brief was only 15 pages long and largely summarized her previous position regarding each issue." (Docket 25 at p. 5). Ms. Ratliff argues this time was necessary "to reply to [the] Commissioner's vigorous arguments in [the Commissioner's brief]." (Docket 26 at p. 6). The court finds 6.5 hours is a more appropriate amount of time given the facts and complexity of this case. See Stickler, 2017 WL 4792220, at *3.

In the final category, the time spent preparing the motion for attorney's fees, Ms. Ratliff's billing does not identify any time. (Docket 24-2 at p. 4). In her reply brief in support of the EAJA motion, Ms. Ratliff seeks compensation for one hour spent preparing the reply brief in support of the motion for attorney's fees. (Docket 26 at p. 6). The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Ms. Ratliff is entitled to recover the one hour requested. See Dillon, 2017 WL 4792226, at *3.

The court finds a total of 63.17 hours were reasonably expended by Ms. Ratliff based on the complexity of this case. Ms. Ratliff seeks 58.31 hours for a total attorney's fee award of $10,714.46. (Docket 24-1 at p. 2). Based on the above analysis, the court will honor her request. No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).[2]

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted.

---

[2] On September 6, 2016, the court authorized Christine C. to proceed on an *in forma pauperis* basis. (Docket 5). The court further ordered that "[a]ny recovery in this action by [Christine C.] shall be subject to the payment of costs and fees, including the $400 filing fee." Id. at 1.

IT IS FURTHER ORDERED that plaintiff is awarded $11,410.90 comprised of $10,714.46 in attorney's fees and $696.44 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Christine C., but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated December 10, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE